McCrea *v.* Newman.

---

### DAVID W. McCREA.

*v.*

### JOHN NEWMAN et al.

The owner of land, which was subject to a duly recorded mortgage for $1,000, conveyed it by deed containing this clause: "Subject, nevertheless, to two mortgages for $1,000 and $2,000 respectively." No mortgage upon the lands for $2,000 has ever been on record. Subsequently, the holder of the recorded mortgage instituted foreclosure proceedings thereon, under which complainant purchased. No person alleged to be a representative of the supposed $2,000 mortgage was made a party.—*Held*, (1) That the clause above recited did not of itself create any lien. (2) That it did not put the holder of the first mortgage and the complainant upon inquiry outside of the line of the title. (3) That section 78 of the Chancery act affords complainant and a purchaser under him a complete protection; and, hence, the clause in question forms no objection to his title.

---

Bill for specific performance, by vendor against vendee. On demurrer.

*Mr. R. L. Lawrence,* for the complainant.

*Mr. James Benny,* for the defendants.

PITNEY, V. C.

The demurrer is based on an alleged defect in complainant's title appearing upon the face of the bill.

The complainant derives title through sale under foreclosure of a mortgage upon the premises for $1,000, alleged, and for present purposes admitted, to be the first mortgage. After giving this mortgage, and before foreclosure proceedings thereon were commenced, the mortgagor conveyed the equity of redemption to a third party, by deed, which declared that the premises were "subject, nevertheless, to two mortgages for $1,000 and $2,000 respectively." No mortgage for $2,000 is found on the record, and no person was made party defendant to the foreclosure proceedings by reason thereof.

The bill states, that the objection made by the defendants to accepting the title, on the day fixed for passing it, was based entirely upon the idea that the recital referred to a mortgage for $2,000 subsequent to that upon which complainant's title is founded, and no pretence was made by them that they had, by inquiry, found any such mortgage to be outstanding.

The demurrants contend, that this recital may have the effect to subject the premises in their hands to an encumbrance of $2,000, should such an encumbrance ever appear.

It cannot be contended that such a recital can, of itself, be held to constitute an encumbrance, when no other writing, sufficient to create one, actually exists. By whom is such lien held?

The real force of the statement or recital in such cases is to give to the purchaser notice of an actually existing encumbrance, and the principle, upon which recitals of this meagre and incomplete sort are held to be notice of such encumbrance, is, that they are sufficient to put the purchaser upon inquiry, and that he is chargeable with notice of such facts, and such only, as might be ascertained by a reasonable inquiry. It follows that, in order to be efficient, the notice must be such as to enable the purchaser to make such inquiry as will discover the unrecorded mortgage. It must give him a clew. The notice in this case points in no direction, and suggests nothing as to the party from whom

inquiry should be made. It gives no clew. Standing by itself, it seems to me to amount to nothing.

"It is well settled," says the American annotator of *White & Tudor's Leading Cases in Equity*, "that a vague and general statement, in whatever form, will not operate as notice. To bind the conscience of a purchaser by a recital [in a deed under which he claims title], it must consequently be sufficiently clear and distinct to convey the requisite information or put him on his guard."

In the language of Chancellor Walworth, in *White* v. *Carpenter*, *2 Paige 217*, "the recital must be such as to explain itself by its own terms, or refer to some deed or circumstance which explains it, or leads to its explanation."

There is nothing in the recital in this case to suggest to any purchaser to inquire of any particular person, unless it be one in the direct chain of title. Hence, defendants can protect themselves against it by inquiry of the former owners of the property up to the giving of the mortgage which was foreclosed. See, on this subject, *2 White & T. Lead. Cas. (4th Am. ed.) 160, 163*.

*Hamilton* v. *Nutt, 34 Conn. 501*, and *Sanborn* v. *Robinson, 54 N. H. 239*, the only cases cited by defendants, in which recitals which did not name the person who held the encumbrance were adjudged sufficient, were decided on this ground, viz., that proper inquiry would have discovered the unrecorded mortgages.

In *Hamilton* v. *Nutt*, the unrecorded mortgage was given by the owner, who conveyed to defendant's mortgagor. Besides, in that case, the defendant's mortgage was given for an old debt, and he advanced nothing on the strength of it.

In *Sanborn* v. *Robinson*, the plaintiff's mortgage was dated and executed October 11th, and recorded October 15th. On October 13th, the mortgagor sold and conveyed the premises, and took back a mortgage for part of the consideration money, which, on November 1st, and after plaintiff's mortgage was recorded, was assigned to defendant. At the close of the description of this mortgage were these words in parenthesis:

$$\left( \begin{array}{c} \text{of six hundred dollars} \\ \text{said premises are subject to a former} \end{array} \right)$$

Here, of course, the mortgagee of the second mortgage knew of the existence of the first mortgage, and his assignee had notice that there was some sort of a prior lien, and an examination of the record would have disclosed it.

It seems to me, then, that it may well be doubted whether, if the defendants herein were obliged to claim title through the deed which contains the recital in question, they could object to accepting it on the ground of the existence of that recital, provided proper inquiry disclosed no such mortgage in existence.

But the complainant's case has a further support in the statute regulating foreclosures. His title rests upon a mortgage which was confessedly the first encumbrance, and which overrides the conveyance which contains the recital in question. And so the question is reduced to this, viz., whether, after the foreclosure proceedings had upon that mortgage, any person can possibly have any equity of redemption in the premises covered by it.

By the seventy-eighth section of the Chancery act (*Rev. p. 118*), it is provided :

"That in any suit for the foreclosure of a mortgage upon, or which may relate to, real or personal property in this state, all persons claiming an interest in, or an encumbrance or lien upon, such property, by or through any conveyance, mortgage, assignment, lien or any instrument which, by any provision of law, could be recorded, registered, entered or filed in any public office in this state, and which shall not be so recorded, registered, entered or filed at the time of the filing of the bill in such suit, shall be bound by the proceedings in such suit, so far as the said property is concerned, in the same manner as if he had been made a party to and appeared in such suit, and the decree therein made against him as one of the defendants therein."

It will be observed that no exception is made in favor of an encumbrancer whose encumbrance, though unrecorded, is known to the complainant who institutes the proceedings. The object of the statute is to give the purchaser at foreclosure sales a title free from any latent equities of that sort to which the complainant might be subject. This object is a wholesome one. The statute is broad enough to cut off a mortgage put on record since the foreclosure.

But it is admitted, by the demurrer, that there is no mortgage upon the record for $2,000 affecting this tract, or, indeed, any mortgage except the one under foreclosure of which complainant derives his title. And it would be strange indeed, if, at this day, it should be in the power of the owner to prevent the holder of the mortgage from procuring a perfect title by foreclosure by simply making a conveyance of the premises, reciting that they are subject to an additional mortgage, without naming the mortgagee or giving any clew by which he may be discovered.

I think complainant's title is clear, and he is, therefore, entitled to a decree.